IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHELLE RENAE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-009 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Michelle Renae Phillips, acting *pro se*, appeals the decision of the Acting Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff is a forty-eight year old female with a high school education and past relevant work experience as a florist. Tr. ("R."), at 30, 1155. Plaintiff protectively applied for DIB and SSI on February 28, 2011, alleging a disability onset date of April 30, 2010. R. at 92-93, 139, 1086-93. The Social Security Administration denied Plaintiff's application initially and on

reconsideration. R. at 45-48, 52-55, 1093-96. The Administrative Law Judge ("ALJ") held a hearing on February 19, 2013, and heard testimony from Plaintiff, who was represented by counsel, and from Robert Branham, a Vocational Expert ("VE"). R. 1104-1162. On August 9, 2013, the ALJ issued an unfavorable decision. R. 23-41.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 30, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: anxiety, marijuana abuse, and cervical spine degenerative disease (20 C.F.R. § 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). In particular, the claimant has the ability to lift and/or carry up to 20 pounds as defined in the Dictionary of Occupation Title (D.O.T.) and regulations, as well as lift/carry 10 pounds frequently. This includes sedentary work as defined in the Dictionary of Occupational Title (D.O.T.) and the regulations. The claimant has no limits for sitting in an eight-hour workday. The claimant is able to perform all postural functions with the exception of climbing ladders, ropes, and scaffolds. Secondary to her anxiety, the claimant retains the capacity to understand, remember, and carryout at least SVP6 instructions and perform SVP6 tasks as consistent with skilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week. In the alternative, taking into account the claimant's subjective allegations, the claimant is capable of performing a wide range of light work as follows. Light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Title (D.O.T.) and regulations, as well as, lift/carry 10 pounds frequently. This includes sedentary work as defined in the

2

> Dictionary of Occupational Title (D.O.T.) and the regulations. The claimant has no limits for sitting in an eight-hour workday; and she is capable of standing and/or walking for up to six hours in an eight-hour workday. In the course of work, the claimant should be allowed the opportunity to optionally alternate between sitting and standing, but such would not cause her to be off-task. The claimant is capable of occasionally climbing ramps/stairs, crouching and stooping; and she is to perform no crawling, no kneeling and no climbing of ladders/ropes/scaffolds. Further, the claimant is to perform no work that would involve hazardous situations, such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. Secondary to anxiety even if it were to cause fully moderate limitations regarding concentration, persistence and pace, the claimant retains the capacity to understand, remember, and carryout at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work. She is to be subjected to no mandated production quotas, such as producing X product in X amount of time; however, the undersigned recognizes that all work requires some aspect of production. Furthermore, the claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week.
>
> 5. The claimant is capable of performing past relevant work as a Florist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565, 416.965). In the alternative, considering the claimant's age, education, work experience, and alternative residual functioning capacity, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform (20 C.F.R. § 404.1569, 404.1569(a) 416.969 and 416.969(a)).

R. at 23-41.

When the Appeals Council denied Plaintiff's request for review, R. at 6-8, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action *pro se* requesting reversal. Plaintiff appears to argue that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ incorrectly found Plaintiff's allegations to be not fully credible; (2) the ALJ failed to fully take into account Plaintiff's post-traumatic stress disorder; and (3) the Court should

3

consider newly submitted evidence showing the deterioration of Plaintiff's cervical spine and a treating physician's opinion. (See doc. no. 19 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 22 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r

4

of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ's Credibility Determination is Supported by Substantial Evidence.

Under the Eleventh Circuit's three-part standard for evaluating a claimant's subjective complaints, a plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); see also Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater,

5

67 F.3d 1553, 1561-62 (11th Cir. 1995); see also Strickland v. Comm'r of Soc. Sec., 516 F. App'x 829, 832 (11th Cir. 2013).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, the ALJ found Plaintiff to be only partially credible because her complaints were out of proportion with the medical record, she had given conflicting reports about her marijuana abuse, two medical professionals noted possible symptom magnification during exams, and her daily activities were inconsistent with her level of reported functioning. First, diagnostic tests of Plaintiff's cervical spine showed no more than moderate abnormalities. R. at 31, 33, 34, 269-70, 398, 541, 548, 600. Dr. Frederick House, M.D. conducted a physical consultative examination in June 2011, and the results were largely normal. R. at 32, 35, 284-91. She had full range of motion in the ankles, wrists, elbows, and fingers and a mild to moderate reduction in range of motion of her hips and knees. R. at 288-89. Notably, she had full range of motion in her neck and back, full motor strength in all

6

areas, normal gait and station, normal tandem gait, and no sensory deficits. R. at 286, 288, 290. An x-ray of her lumbar spine showed no significant abnormalities. R. at 287. Examination of her heart and lungs were also normal. R. at 286. Dr. House reviewed some of Plaintiff's medical records, including an MRI report, and indicated that Plaintiff had no limitations with her upper extremities for fine and gross coordination, including reaching, pushing, pulling, grasping, and fingering. R. at 284, 291. Accordingly, the medical evidence did not support Plaintiff's alleged functions limitations from her cervical spine degenerative disc disease

Dr. Adrian Janit, Ph. D., also performed a consultative psychological evaluation and her findings largely comported with the ALJ's findings that her anxiety and post-traumatic stress disorder ("PTSD") were only mildly limiting. R. at 277-82. At the examination, Plaintiff exhibited moderately depressed mood and mild anxiety but had intact memory, intact abstract reasoning, intact judgment, and intact insight. R. at 280-81. She also had normal concentration and pace, very good articulation, normal expressive and receptive language abilities, and her speech was logical, coherent, and goal directed. R. at 281-82. Rapport was easy to establish by Dr. Janit, and Plaintiff was cooperative with appropriate eye contact. R. at 281. Dr. Janit reported that Plaintiff's affect was labile in that she smiled during lighthearted moments and then was tearful and cried on-and-off during the examination. R. at 281. In her ultimate findings, Dr. Janit stated that Plaintiff's ability to understand and carry out instructions was not limited, her ability to maintain attention and concentration was not limited, her ability to respond appropriately to coworkers, supervisors, and the public was only mildly limited, her ability to adhere to a work schedule and timely complete tasks was minimally limited, and her ability to withstand the pressures

7

and stresses associated with a normal work setting was only moderately limited. R. at 282. Dr. Janit's findings were given significant weight by the ALJ and demonstrate that Plaintiff's anxiety and PTSD were not as limiting as Plaintiff alleged. R. at 36.

Plaintiff's statements about her marijuana use were also inconsistent with the medical record. Plaintiff testified at the hearing that she last used marijuana in 2007. R. at 1137. A treatment note from American Work, Inc. made in June of 2009 noted that Plaintiff admitted to smoking marijuana on a daily basis. R. at 669. Another treatment note from Family Medicine Center made in December of 2012 noted that Plaintiff admitted to smoking marijuana until 2010 to help with her acid reflux. R. at 778. Two medical professionals also opined that Plaintiff exaggerated her complaints. Dr. Frederick House noted "[t]he Claimant does definitely exaggerate complaints." R. at 286. John Belcher, a physical therapist, also noted possible symptom magnification and that she did not fully participate during testing. R. at 1070. Thus, the ALJ appropriately relied on these instances to find Plaintiff not fully credible.

Finally, Plaintiff's daily activities were inconsistent with her alleged functional limitations. As the ALJ noted, Plaintiff's ability to drive and travel long distances tends to show that Plaintiff would not have trouble sitting for long periods. R. at 34-35, 1113, 1146. Plaintiff's limitations were generally undermined because her day consisted of volunteering at her daughter's school and attending doctor's appointments, she got out of the house and drove daily, shopped, had regular contact with three friends, cared for her daughter. and performed some household chores. R. at 35, 155-59, 280; see Harrison v. Comm'r Soc. Sec., 569 F. App'x 874, 880 (11th Cir. 2014) (ALJ's decision was supported by claimant's activities, including for instance, preparing meals, shopping, driving, caring for pets, and

8

visiting with friends and neighbors). At the hearing, Plaintiff sat for well over an hour with no apparent distress—only slight discomfort; she was articulate, coherent, intelligent, personable, demonstrated good memory; and she responded appropriately to all questions with maintenance of good eye contact. R. at 35; Norris v. Heckler, 760 F.2d 1154, 1157-58 (11th Cir. 1985) (ALJ's decision supported by substantial evidence, including ALJ's observation that the claimant displayed no significant problem sitting throughout the hearing).

In sum, the ALJ supported her credibility determination with substantial evidence and properly found Plaintiff to be only partially credible.

### B. The ALJ's Appropriately Assessed Plaintiff's PTSD as Being Nonsevere.

Plaintiff argues that the ALJ did not fully take into account her PTSD. Pl.'s Br., p. 24. However, the record shows that the ALJ assessed this impairment as being nonsevere and this finding is supported by substantial evidence.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

9

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 416.920(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is

10

not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986).

In addressing Plaintiff's PTSD, the ALJ found the following:

> The claimant has been diagnosed with post-traumatic stress disorder (PTSD) due to a history of domestic violence with her deceased ex-spouse and problems with her former father-in-law; however, the claimant drives, goes out often, and volunteers in her child's school. Further, the claimant has had a boyfriend for two years, she lives with a roommate, and she is involved in a civic organization, which shows she has clearly recovered well from any abuse or trauma. Moreover, both of the determined residual functional capacities accommodate any mental limitations associated with anxiety. Also, the claimant's marijuana abuse certainly does not help with efficacy of her anti-anxiety medication. In addition, any limitation assessed in the determined residual functional capacity (RFC) based on her other severe mental impairments more than adequately accommodate any limitations that may be incurred from the PTSD. Therefore, the undersigned finds this condition to be non-severe.

R. at 26. The ALJ's finding is supported by the record because Plaintiff's activities of daily living and her interactions with others appeared to be only minimally limited by her PTSD. This finding was also supported by the mild limitations assessed by Dr. Janit during her psychological consultative evaluation. R. at 282.

In any event, by finding that Plaintiff had severe impairments, the ALJ found in Plaintiff's favor at step two and proceeded with the third step of the sequential evaluation process. Thus, "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that he has considered all of the claimant's impairments, whether severe or not, in combination." Id. at 825. Here, the ALJ specifically stated that any limitations

11

incurred from the PTSD were incorporated into her mental residual functional capacity. R. at 26. Dr. Adrian Janit's examination, which specifically noted Plaintiff's diagnosis of PTSD, was given significant weight and noted only mild limitations from Plaintiff's anxiety and PTSD. R. at 281-82. Further, the ALJ's RFC is amply supported by evidence in the record, including Dr. Janit's evaluation, and the opinions of Dr. Fran Shahar, Ph.D., and Dr. Sylvia Robles-Meyers, M.D. which found only mild limitations from her anxiety and PTSD. R. at 293-309, 332-348.

Here, the ALJ fully took into account Plaintiff's limitations from PTSD and the opinions of three medical professionals that such an impairment only imposed mild limitations in her ability to function. Accordingly, Plaintiff's arguments are without merit, and the ALJ's determination regarding her PTSD is supported by substantial evidence.

### C. Plaintiff's Newly Submitted Evidence Does Not Warrant Remand

Plaintiff has also submitted an abundance of new evidence regarding the deterioration of her cervical spine and an operation performed in 2015. (Doc. nos. 19-1, 21.) In addition to this evidence, Plaintiff has also submitted medical records concerning CT scans in 2006 and a medical journal article regarding fusarium infections. (Id.) Plaintiff requests that the Court admit such evidence and consider it as evidence of disability. Pl.'s Br., p. 24.

This Court can only consider new evidence for the limited purpose of determining whether the case should be remanded to the ALJ pursuant to sentence six of 42 U.S.C § 405(g). Sentence six of § 405(g) authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (quoting 42 U.S.C. § 405(g)); see also Reynolds v. Comm'r of Social Sec., 457 F. App'x 850, 853 (11th Cir. 2012) ("The sixth sentence of 42 U.S.C. § 405(g) provides that a

reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable."). In order to demonstrate that remand is appropriate, a claimant must show: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 865 (11th Cir. 2012) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

In order to be material, new evidence must relate to the period on or before the date of the ALJ's decision. See Enix, 461 F. App'x at 863 (citing Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (providing that, in order to be probative of whether the person was disabled during the period under review, evidence must relate to that period); see also Lipscomb v. Comm'r of Soc. Sec., F. App'x 903, 907 (11th Cir. 2006) (questionnaire related to the time period under consideration by ALJ because doctor "indicated that his questionnaire answers related to his perception of [claimant's] condition as it existed prior to the ALJ's decision" by basing the opinion on both his treatment records and those from other doctors, all dated during the relevant time period).

Here, the evidence submitted regarding her cervical spine and her subsequent surgery are not relevant to the application period. Given the ALJ's decision is dated August 9, 2013, only evidence relating to a condition on or before that date is relevant. Wilson, 179 F.3d at 1279 (finding physician's opinion was irrelevant where the opinion postdated the ALJ's decision). Although the evidence regarding her cervical spine shows that her condition may have deteriorated after the date of the decision, it has no relevance to whether she was disabled up until August 9, 2013 because the records were generated well over a year after this date. (See

13

doc. no. 19-1, p. 10.) Plaintiff's article regarding fusarium infections in immunocompromised patients is also completely irrelevant to the ALJ's determination because there is no evidence Plaintiff had a compromised immune system. Further, the only reference to such a fungal infection is in a counseling note and apparently was in regards to a minor operation to remove an ingrown toenail. R. at 696, 773. Plaintiff's medical bills and her former husband's guilty plea are also irrelevant to the ALJ's determination. (Doc. no. 19-1, pp. 45-53.) The CT scans from 2006 also are not material or noncumulative because the ALJ had an abundance of newer examinations and tests from which to make his determination.

Dr. Julie Dahl-Smith's opinion from March 5, 2014 that Plaintiff has been disabled for the past three to four years is also not a basis for remand. (Doc. no. 19-1, p. 43.) First, Plaintiff has not shown good cause for submitting such an opinion at the administrative level considering that Dr. Dahl-Smith treated Plaintiff well before the decision date. See R. at 37. Dr. Dahl-Smith's opinion would also not be entitled to great weight by the ALJ and thus, would not be material to the ALJ's decision. The opinion is largely conclusory because it simply lists Plaintiff's impairments and states that she has been disabled for the past three to four years. Dr. Dahl-Smith gives no specific functional limitations resulting from Plaintiff's conditions and reaches a generalized conclusion of complete disability that is normally reserved to the Commissioner. Mansfield v. Astrue, 395 F. App'x 528, 530 (11th Cir. 2010). Dr. Dahl-Smith's opinion that Plaintiff is permanently disabled due to her impairments is also inconsistent with the consultative examiners' largely normal mental and physical examinations.

It also appears that the opinion of disability is based upon Plaintiff's subjective complaints related to her PTSD and chronic pain. See Crawford v. Comm'r Of Soc. Sec.,

14

363 F.3d 1155, 1159 (11th Cir. 2004) (discrediting treating physician's opinions where it was "based primarily on Crawford's subjective complaints of pain"). Because her subjective allegations were partially discredited by the ALJ based on substantial evidence, Dr. Dahl-Smith's opinion would not be entitled to the typical weight given to a treating physician's opinion.

In sum, Plaintiff has not shown that the new evidence is material to the ALJ's decision and the relevant time period. To the extent that such evidence was available at the time of the decision, Plaintiff has not shown good cause for failing to submit it at the administrative level. Accordingly, Plaintiff is not entitled to a remand pursuant to sentence six of 42 U.S.C § 405(g) based on new evidence.

**IV. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 27th day of July, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA